UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LINDA M. ANDERSON,

                Plaintiff,

  v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

                Defendant.

Case No. 3:15-cv-05011-KLS

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of defendant's denial of her application for disability insurance benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. For the reasons set forth below, the Court finds that defendant's decision to deny benefits should be reversed and that this matter should be remanded for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

On September 20, 2007, plaintiff filed an application for disability insurance benefits, alleging disability as of August 30, 2011, which was denied on initial administrative review on December 12, 2007, and on reconsideration on March 26, 2008. *See* Dkt. 12, Administrative Record 863. Following an administrative hearing held on June 7, 2010 (*see* AR 25-74), an administrative law judge determined plaintiff to be not disabled in a decision dated July 26, 2010

ORDER - 1

(*see* AR 641-49). Plaintiff sought judicial review of that decision, and on November 19, 2012, based on the stipulation of the parties this Court remanded this matter for further administrative proceedings. *See* AR 663-66.

A second hearing was held before a different ALJ on September 26, 2013, at which plaintiff, represented by counsel, appeared and testified, as did a medical expert and a vocational expert. *See* AR 597-637. In a decision dated November 27, 2013, that ALJ also determined plaintiff to be not disabled. *See* AR 860-86. The Appeals Council did not assume jurisdiction of the case. *See* AR 854; 20 C.F.R. § 404.984. On January 16, 2015, plaintiff sought judicial review of the Commissioner's final decision. *See* Dkt. 3. On July 22, 2015, the Commissioner filed the administrative record. *See* Dkt. 11, 12. As the parties have completed their briefing, this matter is now ripe for the Court's review.

Plaintiff argues defendant's decision to deny benefits should be reversed and remanded for an award of benefits, or alternatively for further administrative proceedings, because the ALJ erred: (1) in evaluating the medical evidence; (2) in discounting plaintiff's credibility; (3) in rejecting the lay witness evidence; (4) in assessing plaintiff's residual functional capacity; and (5) in finding plaintiff to be capable of performing other jobs existing in significant numbers in the national economy. For the reasons set forth below, the Court agrees that the ALJ erred in assessing plaintiff's RFC and therefore in determining plaintiff to be not disabled, but finds that while defendant's decision to deny benefits should be reversed on this basis, this matter should be remanded for further administrative proceedings.

## DISCUSSION

The Commissioner's determination that a claimant is not disabled must be upheld if the "proper legal standards" have been applied, and the "substantial evidence in the record as a

ORDER - 2

whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r of Social Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). The Court must determine whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," that decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (citation omitted).[1]

I.  The ALJ's Assessment of Plaintiff's Residual Functional Capacity

Defendant employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.920. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the evaluation process ends. *See id.* If a disability determination "cannot be made on the basis of medical factors alone at step three of that process," the ALJ must identify the claimant's "functional

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

*Sorenson*, 514 F.2d at 1119 n.10.

ORDER - 3

limitations and restrictions" and assess his or her "remaining capacities for work-related activities." Social Security Ruling 96-8p, 1996 WL 374184, at *2. A claimant's RFC assessment is used at step four to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. *See id.*

Residual functional capacity thus is what the claimant "can still do despite his or her limitations." *Id.* It is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. *See id.* However, an inability to work must result from the claimant's "physical or mental impairment(s)." *Id.* Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." *Id.* In assessing a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." *Id.* at *7.

In assessing plaintiff's RFC, the ALJ found plaintiff "**needs the opportunity to change positions between sitting and standing at the workstation**." AR 868. In so finding, the ALJ gave great weight to the opinions of medical expert Ollie D. Raulston, Jr., M.D., who in response to the question of whether he agreed with the opinion of treating physician, Michael Martin, M.D., that plaintiff "needed to change positions frequently and alternative [sic] heat, ice and heat in her treatment," testified that:

> Well, yes. If the . . . changing of positions afforded her relief then I would concur with that, which is often the case. Ice and heat are just temporary measures.
>
> . . .
>
> . . . If effective.

AR 606-07, 875. Specifically, the ALJ found the RFC with which he assessed plaintiff "provides

ORDER - 4

the opportunity to change positions." AR 875.

Plaintiff argues the ALJ erred in not also including in the RFC assessment the need to change positions *frequently*, the need to change positions besides between sitting and standing and the need to use ice and heat to relieve pain. The Court agrees the ALJ failed to properly address these potential limitations in assessing plaintiff's RFC. Neither the question that was posed to Dr. Raulston nor his response thereto indicated the need to change positions should be limited to changing positions only between sitting and standing or only at the workstation. In addition, while it is true as defendant notes that the ALJ did not place any specific limitation on the frequency with which plaintiff could change positions, it is not entirely clear that he intended to allow plaintiff to do so on at least a frequent basis, particularly in light of the more restrictive limitation on position changes he imposed.

Defendant also argues the ALJ properly left out any requirement regarding ice and heat, because in his testimony Dr. Raulston dismissed them as being merely temporary measures. But while Dr. Raulston characterized them as "temporary" in nature, it is far from clear he believed they were not needed. Dr. Raulston could have meant both were appropriate treatment measures, though only providing temporary relief, in which case it is unclear how long he believed plaintiff would need them. Alternatively, Dr. Raulston could have been dismissing the use of ice and heat as a necessary long-term restriction on plaintiff's functional capacities. In either case, further clarification is needed regarding the exact impact, if any, Dr. Raulston believed use of heat and ice would have on plaintiff's ability to work. The ALJ's failure to clarify that need was error. *See Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001) (duty to further develop record triggered when there is ambiguous evidence or when record is inadequate to allow for proper evaluation of that evidence).

ORDER - 5

II.     The ALJ's Step Five Determination

If a claimant cannot perform his or her past relevant work, at step five of the sequential disability evaluation process, the ALJ must show there are a significant number of jobs in the national economy the claimant can do. *See Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 404.920(d), (e). The ALJ may do this through the testimony of a vocational expert or by reference to the Commissioner's Medical-Vocational Guidelines. *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2000); *Tackett*, 180 F.3d at 1100-1101.

An ALJ's findings will be upheld if the weight of the medical evidence supports the hypothetical posed by the ALJ to the vocational expert. *See Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1987); *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984). The vocational expert's testimony therefore must be reliable in light of the medical evidence to qualify as substantial evidence. *See Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). Accordingly, the ALJ's description of the claimant's capabilities "must be accurate, detailed, and supported by the medical record." Id. (citations omitted).

At the second hearing, the ALJ posed a hypothetical question containing substantially the same limitations as were included in the ALJ's assessment of plaintiff's RFC. *See* AR 631-33. In response, the vocational expert testified that an individual with those limitations – and with the same age, education and work experience as plaintiff – would be able to perform other jobs. *See id*. Based on the vocational expert's testimony, the ALJ found plaintiff to be capable of performing other jobs existing in significant numbers in the national economy. *See* AR 878-89. But because as discussed above the ALJ erred in assessing the plaintiff's RFC, the hypothetical question he posed cannot be said to completely and accurately describe all of plaintiff's functional capabilities. Therefore, the ALJ's step five determination also cannot be said to be

ORDER - 6

supported by substantial evidence or free of error.

III.     This Matter Should Be Remanded for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Because issues still remain in regard to plaintiff's RFC and her ability to perform other jobs existing in significant numbers in the national economy, remand for further consideration of those issues is warranted.

## CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ improperly concluded plaintiff was not disabled. Accordingly, defendant's decision to deny benefits is REVERSED and this matter is REMANDED for further administrative proceedings in accordance with the

ORDER - 7

findings contained herein.

DATED this 18th day of November, 2015.

Karen L. Strombom
United States Magistrate Judge

ORDER - 8