UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LINDA M. ANDERSON,<br><br>                    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                    Defendant. | Case No. 3:15-cv-05011-KLS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY FEES AND EXPENSES PURSUANT TO 28 U.S.C. § 2412(d) |

This matter is before the Court on plaintiff's filing of a motion for attorney fees pursuant to 28 U.S.C. § 2412(d), the Equal Access to Justice Act (EAJA). Dkt. 24. Plaintiff seeks a total of $7,988.02 in attorney fees and $24.37 in expenses. Dkt. 28. After reviewing plaintiff's motion, defendant's response to that motion, plaintiff's reply thereto, and the remaining record, the Court finds that for the reasons set forth below plaintiff's motion should be granted.

FACTUAL AND PROCEDURAL HISTORY

On November 28, 2015, the Court issued an order reversing defendant's decision to deny plaintiff's application for disability insurance benefits, and remanding this matter for further administrative proceedings. Dkt. 21. Specifically, the Court found the ALJ erred in failing to properly address the functional limitations assessed by medical expert Ollie Raulston, Jr., M.D., in assessing plaintiff's residual functional capacity, and thus in finding plaintiff to be capable of

ORDER - 1

performing other jobs existing in significant numbers in the national economy. *Id.* On February 16, 2016, plaintiff filed her motion for attorney fees and expenses. Dkt. 24. As defendant has filed her response to that motion, and plaintiff has filed her reply thereto, this matter is now ripe for the Court's review.

## DISCUSSION

The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Thus, to be eligible for attorney fees: (1) the claimant must be a "prevailing party"; (2) the government's position must not have been "substantially justified"; and (3) no "special circumstances" exist that make an award of attorney fees unjust. *Commissioner, Immigration and Naturalization Serv. v. Jean*, 496 U.S. 154, 158 (1990).

In Social Security disability cases, "[a] plaintiff who obtains a sentence four remand is considered a prevailing party for purposes of attorneys' fees." *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (citing *Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993)).[1] Such a plaintiff is considered a prevailing party even when the case is remanded for further

---

[1] Section 405(g) of Title 42 of the United States Code "authorizes district courts to review administrative decisions in Social Security benefit cases." *Id.*, 296 F.3d at 854. Sentence four and sentence six of Section 405(g) "set forth the exclusive methods by which district courts may remand [a case] to the Commissioner." *Id.* "The fourth sentence of § 405(g) authorizes a court to enter 'a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991); *see also Akopyan*, 296 F.3d at 854 (sentence four remand is "essentially a determination that the agency erred in some respect in reaching a decision to deny benefits.") A remand under sentence four therefore "becomes a final judgment, for purposes of attorneys' fees claims brought pursuant to the EAJA, 28 U.S.C. § 2412(d), upon expiration of the time for appeal." *Akopyan*, 296 F.3d at 854.

ORDER - 2

administrative proceedings. *Id.* There is no issue here as to whether plaintiff is a prevailing party given that as discussed above, this case has been remanded for further administrative proceedings. In addition, defendant does not argue that there are – nor do there appear to be – any special circumstances making an award of attorney fees unjust.

As noted above, to be entitled to attorney fees under the EAJA defendant's position also must not be "substantially justified." *Jean*, 496 U.S. at 158. Normally, for defendant's position to be "substantially justified," this requires an inquiry into whether defendant's conduct was "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person" – and "had a 'reasonable basis both in law and fact.'" *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)); *Penrod v. Apfel*, 54 F.Supp.2d 961, 964 (D. Ariz. 1999) (citing *Pierce*, 487 U.S. at 565); *see also Jean*, 496 U.S. at 158 n.6; *Flores v. Shalala*, 49 F.3d 562, 569-70 (9th Cir. 1995). This "does not mean 'justified to a high degree.'" *Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir. 1998) (quoting *Pierce*, 487 U.S. at 565). On the other hand, "the test" for substantial justification "must be more than mere reasonableness." *Kali v. Bowen*, 854 F.2d 329, 331 (9th Cir. 1988).

Defendant has the burden of establishing substantial justification. *See Gutierrez*, 274 F.3d at 1258. Defendant's position must be "*as a whole*, substantially justified." *Id.* at 1258-59 (emphasis in original). That position also "must be 'substantially justified' at 'each stage of the proceedings.'" *Corbin*, 149 F.3d at 1052 ("Whether the claimant is ultimately found to be disabled or not, the government's position at each [discrete] stage [in question] must be 'substantially justified.'") (citations omitted); *see also Hardisty v. Astrue*, 592 F.3d 1072, 1078 (9th Cir. 2010) ("[D]istrict courts should focus on whether the government's position on the particular issue on which the claimant earned remand was substantially justified, not on whether

ORDER - 3

the government's ultimate disability determination was substantially justified."). Accordingly, the government must establish that it was substantially justified both in terms of "the underlying conduct of the ALJ" and "its litigation position defending the ALJ's error." *Gutierrez*, 274 F.3d at 1259. As the Ninth Circuit further explained:

> The plain language of the EAJA states that the "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D); *Jean*, 496 U.S. at 159, 110 S.Ct. 2316 (explaining that the "position" relevant to the inquiry "may encompass both the agency's prelitigation conduct and the [agency's] subsequent litigation positions"). Thus we "must focus on two questions: first, whether the government was substantially justified in taking its original action; and, second, whether the government was substantially justified in defending the validity of the action in court." *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988).

*Id.*; *see also Kali*, 854 F.2d at 332 (noting the government's position is analyzed under "totality of the circumstances" test)[2]; *Thomas v. Peterson*, 841 F.2d 332, 334-35 (9th Cir. 1988).

Indeed, the Ninth Circuit has explicitly stated that "[i]t is difficult to imagine any circumstance in which the government's decision to defend its actions in court would be substantially justified, but the underlying decision would not" (*Sampson*, 103 F.3d at 922 (quoting *Flores*, 49 F.3d at 570 n.11)), and the EAJA creates "a presumption that fees will be awarded unless the government's position was substantially justified" (*Thomas*, 841 F.2d at 335; *see also Flores*, 49 F.3d at 569 (noting that as prevailing party, the plaintiff was entitled to attorney fees unless the government could show its position in regard to the issue on which the court based its remand was substantially justified)). Nevertheless, "[t]he government's failure to prevail does not raise a presumption that its position was not substantially justified." *Kali*, 854

---

[2] As the Ninth Circuit put it in a later case: "[i]n evaluating the government's position to determine whether it was substantially justified, we look to the record of both the underlying government conduct at issue and the totality of circumstances present before and during litigation." *Sampson v. Chater*, 103 F.3d 918, 921 (9th Cir. 1996).

ORDER - 4

1  F.2d at 332, 334; *Thomas*, 841 F.2d at 335.

2     Substantial justification will not be found where the government defends "on appeal . . . 'basic and fundamental' procedural mistakes made by the ALJ." *Lewis v. Barnhart*, 281 F.3d 1081, 1085 (9th Cir. 2002) (quoting *Corbin*, 149 F.3d at 1053). In *Corbin*, the Ninth Circuit found "the failure to make [specific] findings" and "weigh evidence" to be "serious" procedural errors, making it "difficult to justify" the government's position on appeal in that case. *Corbin*, 149 F.3d at 1053. In *Shafer v. Astrue*, 518 F.3d 1067, 1072 (9th Cir. 2008), the Ninth Circuit found the ALJ "committed the same fundamental procedural errors" noted in *Corbin* in failing "to provide clear and convincing reasons for discrediting [the claimant's] subjective complaints," and "to make any findings regarding" the diagnosis of a non-examining medical expert. The Court of Appeals went on to find the ALJ committed additional procedural errors not present in *Corbin*, including rejecting "a treating physician's opinion in favor of a non-treating physician's opinion without providing clear and convincing reasons." *Id.*

In this case, the ALJ gave great weight to Dr. Raulston's medical expert testimony in finding plaintiff needed the opportunity to change positions between sitting and standing at the workstation. Dkt. 21, p. 4. Dr. Raulston testified that he agreed with the opinion of plaintiff's treating physician Michael Martin, M.D., that plaintiff needed to change positions frequently and alternate between heat and ice in her treatment. *Id.* The Court found the ALJ's determination was erroneous, because it did not adequately account for the need to change positions *frequently* or the need to alternate between use of heat and ice. *Id.* The Court also rejected the Commissioner's argument that Dr. Raulston's characterization of heat and ice as being "just temporary measures" justified the ALJ in leaving out the need for them in his functional assessment, as it was far from clear that this meant Dr. Raulston believed they were not needed. *Id.*

ORDER - 5

Defendant argues the government's position is substantially justified because the ALJ's interpretation of Dr. Raulston's testimony has a reasonable basis in both law and fact. The Court agrees the ALJ's interpretation has a reasonable basis in law, since it is the responsibility of the ALJ to resolve ambiguities and conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). That interpretation, though, has no reasonable basis in fact, as it clearly does not adequately take into account the more restrictive limitations Dr. Raulston testified that plaintiff would experience in a work setting, and therefore amounts to a "basic and fundamental" procedural mistake. The government thus was not substantially justified in defending it.

Defendant argues in the alternative that plaintiff's attorney fees request is unreasonably large considering her limited success. Before granting attorney fees, the Court must determine whether they are "reasonable." *Jean*, 496 U.S. at 161; 28 U.S.C. § 2412(d)(1)(A) ("'fees and other expenses' includes . . . reasonable attorney fees"). The test used to determine what fees are reasonable was set forth in *Hensley v. Eckerhart*, 461 U.S. 424 (1983), which dealt with recovery of attorney fees under 42 U.S.C. § 1988. That test "also is applicable to awards of fees under the EAJA." *Sorenson v. Mink*, 239 F.3d 1140, 1145 n.2 (9th Cir. 2001) (citing *Jean*, 496 U.S. at 161 (once private litigant has met eligibility requirements for EAJA fees, district court's task of determining what fee is reasonable is essentially same as that described in *Hensley*)); *see also Haworth v. State of Nevada*, 56 F.3d 1048, 1051 (9th Cir. 1995) (case law construing what is "reasonable" fee applies uniformly to all federal fee-shifting statutes) (quoting *City of Burlington v. Dague*, 505 U.S. 557, 562, 112 S.Ct. 2638, 2641 (1992)).

In determining "the amount of a reasonable fee," the "most useful starting point" for the Court "is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. To that end, "[t]he party seeking an award of fees should

ORDER - 6

submit evidence supporting the hours worked and rates claimed." *Id.* "Where the documentation of hours is inadequate," the Court "may reduce the award accordingly." *Id.* Further, the Court "should exclude from this initial fee calculation hours that were not 'reasonably expended,'" and "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 434.

"The product of reasonable hours times a reasonable rate," however, "does not end the inquiry." *Id.* Rather "[t]here remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the 'results obtained.'" *Id.* As the Supreme Court went on to explain, the "results obtained" factor:

> . . . is particularly crucial where a plaintiff is deemed "prevailing" even though he succeeded on only some of his claims for relief. In this situation two questions must be addressed. First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?
>
> . . .
>
> . . . Many . . . cases will present only a single claim. In other cases the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.
>
> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. . . . In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters.
>
> If, on the other hand, a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a

ORDER - 7

> reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith. . . .

*Id.* at 434-37 (internal footnotes and citations omitted). The Supreme Court went on to reiterate that "[w]here the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee," but "[w]here a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised." *Id.* at 440.

Defendant argues plaintiff's attorney fees request should be reduced by 40% because she obtained only partial relief, in that she prevailed on only two of 11 issues and sub-issues she raised – despite devoting significant portions of her briefing to those issues – and that she failed to win remand for an outright award of benefits. The Court disagrees. First, as one district court has noted, reducing a fee award "proportionally to the amount of pages dedicated to briefing the issue upon which remand was based" in a Social Security case, or "engaging in any other method for determining the amount of time spent on a single argument, would be speculative, at best." *Kham Singmoungthong v. Astrue*, 2011 WL 2746711, at *8 (E.D. Cal., July 13, 2011); *see also Belcher v. Astrue*, 2010 WL 5111435, at *3 (E.D. Cal., December 9, 2010).[3]

Indeed, at least where "excellent results" have been obtained, the Supreme Court has rejected use of "a mathematical approach comparing the total number of issues in the case with those actually prevailed upon," since "[s]uch a ratio provides little aid in determining what is a reasonable fee in light of all the relevant factors." *Hensley*, 461 U.S. at 435 and n. 11 (internal quotation marks omitted). This is because in cases where excellent results have been obtained,

---

[3] Courts also should be aware of the Supreme Court's admonition that "[a] request for attorney's fees should not result in a second major litigation." *Hensley*, 461 U.S. at 437.

ORDER - 8

"[l]itigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee." *Id.* at 435. Rather, "[t]he result is what matters." *Id.*

Here, there is no indication that plaintiff acted in bad faith in raising the issues that she did, even though she may have prevailed on only two of them. It is true that the Court did not grant plaintiff's primary request for relief – i.e., an award of benefits – but it is not "necessarily significant that a prevailing plaintiff did not receive all the relief requested." *Id.* at n. 11. For example, even though a plaintiff may not obtain all the relief requested, he or she still "may recover a fee award based on all hours reasonably expended if the relief obtained justified that expenditure of attorney time." *Id.* at 435.

On the other hand, "[a] reduced fee award" will be deemed "appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." *Id.* at 440. The Court finds the relief plaintiff received – reversal and remand for further administrative proceedings – constitutes substantial relief that is not so limited as to warrant a reduction in attorney fees merely because she did not obtain her primary form of requested relief. As another district court explained in a similar case:

> Although the Court found that the ALJ only committed a single reversible error, that error was significant. As a result, Plaintiff obtained a remand for further proceedings. . . . The degree of success obtained is substantial because, depending on the character of the new evidence, the ALJ may change some or all of the findings this Court affirmed. . . . Undoubtedly, Plaintiff's objective is to obtain a finding of disability during the operative period; this Court's order of remand enables Plaintiff to move forward with his claim. As such, the Court declines to reduce Plaintiff's fee request because there is parity between the relief obtained and the "scope of the litigation as a whole."

*Denton v. Astrue*, 2013 WL 673860, at *3 (D. Ore., February 25, 2013) (quoting *Hensley*, 461 U.S. at 440). As in *Denton*, although plaintiff did not achieve her primary objective, the reversal

ORDER - 9

allows her to move forward with her claim, and – depending upon what occurs on remand – she may eventually prevail in terms of that objective as well. Accordingly, the Court declines to find a reduction in plaintiff's fee request is warranted here.

For the foregoing reasons plaintiff's motion for attorney fees and expenses pursuant to the EAJA (Dkt. 24) is GRANTED. Accordingly, the Court hereby orders:

(1) Plaintiff is granted attorney fees in the amount of $7,988.02[4] and expenses in the amount of $24.37.

(2) Subject to any offset allowed under the Treasury Offset Program, as discussed in *Astrue v. Ratliff*, 560 U.S. 586 (2010), payment of this award shall be sent to plaintiff's attorney Eitan Kassel Yanich at his address: Eitan Kassel Yanich, PLLC, 203 Fourth Avenue E., Suite 321, Olympia, WA.

(3) After the Court issues this Order, defendant will consider the matter of plaintiff's assignment of EAJA fees and expenses to plaintiff's attorney. Pursuant to *Astrue v. Ratliff*, the ability to honor the assignment will depend on whether the EAJA fees and expenses are subject to any offset allowed under the Treasury Offset Program. Defendant agrees to contact the Department of Treasury after this Order is entered to determine whether the EAJA attorney fees and expenses are subject to any offset. If the EAJA attorney fees and expenses are not subject to any offset, those fees and expenses will be paid directly to plaintiff's attorney, either by direct deposit or by check payable

---

[4] This includes the additional $589.87 in attorney fees plaintiff is seeking for time spent working on her reply to defendant's response to her motion for attorney fees and expenses. Dkt. 28, p. 6; *Jean*, 496 U.S. at 161-62 (stating that "absent unreasonably dilatory conduct by the prevailing party in 'any portion' of the litigation, which would justify denying fees for that portion, a fee award presumptively encompasses all aspects of the civil action," and that "the EAJA – like other fee-shifting statutes – favors  treating a case as an inclusive whole") (citing *Sullivan v. Hudson*, 490 U.S. 877, 888 (1989) (stating where administrative proceedings are "necessary to the attainment of the results Congress sought to promote by providing for fees, they should be considered part and parcel of the action for which fees may be awarded")).

ORDER - 10

to him and mailed to his address.

DATED this 9th day of March, 2016.

Karen L. Strombom
United States Magistrate Judge

ORDER - 11